UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Criminal No.
03-10370-DPW-04

UNITED STATES OF AMERICA

VS.

DANIEL MACAULEY

## DEFENDANT'S MOTION TO BE RELEASED ON PRESENT TERMS OF RECOGNIZANCE PENDING SENTENCING

Now comes the defendant, Daniel Macauley, in the above numbered cause and moves this Honorable Court for an order permitting the defendant to remain on his present terms of pretrial recognizance pending sentencing.

In support hereof the defendant submits the following statement fact and reasons for this request;

On December 4, 2003 this defendant was indicted for violation of 21 U.S.C. §846 alleging conspiracy to possess and/or distribute 100 kg or more of marijuana. Paragraph four of the indictment alleges that this defendant is accountable for not less than 10 nor more than 20 kg of marijuana in violation of 2D1.1(c)(12).

On October 28, 2004 the indictment was superceded and in August of 2005 the indictment was again superceded. In all respects the superceding

indictments do not affect the defendant as in alleged role in the offense or quantity attributable to him. The defendant has at all times since his arrest and arraignment acknowledged his culpability in this offense. He was released on terms of personal recognizance by order the Magistrate Judge Collings and immediately enrolled in appropriate drug counseling. He at all times has been an exemplary pretrial releasee.[1] The defendant communicated in a timely fashion his intent to plead guilty to the offense as alleged to insure reasonable focus and conservation of judicial resources as well as those of the U.S. Attorney's Office. Throughout the process of pretrial court appearances and conferences the defendant has continued his monitored pretrial supervision with pretrial services, purchased a new home, continued with his gainful employment and conducted himself in an appropriate fashion as a husband and father. As indicated above he has also continued to address his addiction issues as well as continually addressing counseling initially in group counseling and most recently in one to one counseling.

The defendant is aware of the application of Title 18 U.S.C. §3143 and its impact on this Court's decision of whether to release a defendant after conviction and prior to sentencing. Title 18 U.S.C. §3143(a) provides,

---

[1] Counsel has conferred recently with Pretrial Services Officer Thomas O'Brien who has confirmed this fact. It is expected that should the Court inquire he would advise that MacAuley is a dependant releasee.

2

inter alia, that upon conviction of certain enumerated offenses, of which this charge is one, that a defendant should be detained unless the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under Title 18 U.S.C. §3142(B) or (C).

When detention is contemplated under §3143(B) or (C) the Court should consider the following factors when contemplating release or detention;

- nature and circumstances of the offense.
- the weight of the evidence.
- history and characteristics of the person.
- the family history of the person.
- the employment history of the person.
- the financial resources of the person.
- ties to the community.
- past criminal conduct.
- history of drug or alcohol dependency.
- criminal history.
- record of court appearances.

3

-was the instant offense committed while the person was on probation or parole.

Of course, the Court may also consider any recommendation of government counsel[2] as well as the potential sentence that the defendant may face. In the event the judicial officer does find by clear and convincing evidence that the person is not likely to flee or pose a danger to a person or society, the judicial officer may order the person's release pending sentencing. Title 18 U.S.C. §3143(a)(2)(B).

### Defendant's Probable Sentence Parameter

Daniel MacAuley is an individual with no criminal record. It is expected that his Criminal History calculation will be <u>Criminal History I</u>. Both counsel for the defendant and the government agree that the quantity of marijuana attributable to him would be less than 20 kg but more than 10 kg.[3]

Calculations undertaken by government counsel and the defendant indicate that MacAuley would have a base offense level of 16 pursuant to

---

[2] Counsel has spoken to AUSA Rachel Hershfang and believes that government counsel has no objection to this request.

[3] It is acknowledged that cocaine was seized during the execution of the search warrant. The defendant submits that this was for personal use and was not part of or in furtherance of the conspiracy. The defendant is aware, however, that the cocaine may be counted against him on relevant conduct pursuant to 1B1.3 of the Sentencing Guidelines. Although some Circuits would not count this quantity as relevant conduct, <u>United States vs. Kipp</u>, 10 F3 1463 (9th Cir. 1993), <u>United States vs. Crook</u>, 9 F3 1422 (9th Cir. 1993), <u>United States vs. Rodriguez-Sanchez</u>, 23 F3 1488 (9th Cir. 1994)(statutory minimum calculations), other jurisdictions do count such substances as relevant conduct to be included in the drug weight attributable to the defendant. The contrary rule appears to apply in the First Circuit. <u>United States vs. Innamorati</u>, 996 F2 456 (1993). For purposes of this motion the defendant would include the personal use cocaine as relevant conduct. It is not believed to impact on the allegation of 10-20 kg. See. U.S.S.G. 1B1.3(a)(2).

4

the drug equivalency table set forth in 201.1:2. The defendant would have a 3-point reduction in the BOL to a level 13. Prior to any argument pursuant to Title 18 U.S.C. §3533(F) or requests for downward departure or even application of the "safety valve" pursuant to Title 18 U.S.C. §3553 the defendant is within a possible sentencing guideline of Zone C.

The defendant submits that he would not be a likely flight risk based upon the nature of the offense or likely sentence to be imposed.

## **Personal History**

Daniel MacAuley is a man with significant roots in the community. He was born in Quincy, Massachusetts on April 7, 1966. His immediate family consists of parents and two brothers and two sisters. He is presently married to Colleen and they have two children, Caitlin (8) and Matthew (7).

He attended schools local to the community and has always been active in the community through church affiliations at St. Boniface Church in Quincy, Boy Scouts and organized sports. After graduating from Quincy High School he attended Nichols College. He has always been gainfully employed. He is a partner with his brother, Bernie, who is a firefighter in a family landscaping-construction business, MacAuley Bros, Inc. When business was slow he was engaged in digging clams. The landscape business grew to 14-17 employees with a client base of 200. They

purchased another landscaping company to expand the business. As a result of this concentration, the defendant enrolled the University of Massachusetts School of Agriculture in 1989.

In 1989 he met his wife and they were married shortly thereafter. He enrolled in Eastern Nazarene College and expressed an interest in the law. He worked in his uncle's law firm in Boston, Craig & MacAuley, as a paralegal. He graduated from Eastern Nazarene College cum laude. He dissolved his business and started his own business, Dan MacAuley Contracting Company, Inc.

In 1995 he purchased his first home in Weymouth, Massachusetts at 336 West Street. He continued to work at the business which was very successful. Unfortunately he was diagnosed with a serious heart condition involving 65% blockage of his arteries. His work had to be shelved and his wife went to work at the Beth Israel Hospital as a registered nurse. She was also active in the U.S. Air Force and attained the rank of first lieutenant. They sold the Weymouth home and relocated to Andrews Air Force Base in Maryland. His wife continued her nursing career at Andrews, working at the Malcolm Graw Medical Center and was promoted to captain.

The defendant's medical condition had somewhat stabilized and he worked for Surface Technology Corporation installing carion. Once

6

Colleen's tour of active duty was up the family moved back home and the defendant obtained a job at The Nelson Companies as a project manager. They purchased a home in his childhood neighborhood and Colleen continued her Air Force Reserve status at the Westover Air Force Base.

At the time of his arrest and up to a week ago he was a valued and trusted employee of The Nelson Company. During the latter part of the defendant's career he became a substance abuser who supported a very bad addiction to drugs and alcohol. His marriage was suffering as was his health. At the time of his arrest on the instant indictments the defendant was an active substance abuser.

Upon his release on conditions by Hon. Magistrate Collings, the defendant became enrolled in the Sameen Associates for therapy, group as well as individual, with Suzanne Nathan. He has continued this therapy as well as involvement with substance abuse counseling through an affiliated focus group. He has continued sobriety since. His marriage and employment is stronger then ever.

He has been an exemplary pretrial releasee under supervision of Thomas O'Brien of Pretrial Services. He has been permitted out of state travel on two occasions for family commitments by this Court. He continues to enjoy the support of his extended family and friends (exhibits annexed).

The defendant has acknowledged his culpability and looks forward to maintaining a life of hard work and sobriety with his young family. At present the defendant lives with his wife and children in a new home at 204 Grove Street, Norwell, Massachusetts. They purchased the home in 2004. He became a partner in The Nelson Companies and, as indicated, has taken on a fantastic job.

He remains active in his community as a communicant of his church, St. Helen's Parish, participation in the choir with his wife and children as well as coaching youth basketball and baseball.

## Conclusion

The defendant prays that this Court determine that he has presented proof sufficient for this Court to find by clear and convincing evidence that he is not a flight risk or danger to any person or the community and permit him to remain on his recognizance pending sentencing on this case.

Daniel MacAuley,
By his attorney

/s/ Kevin J. Reddington